Good morning, members of the Court. May it please the Court, my name is Linda Hung. I represent Appellant Plaintiff Cindy Hung, Lee Ching-Chun, and Robert Hung. What is the status of the State case? Is it still pending? Yes, it is, Your Honor. We've amended the complaint to add 46 individuals as dual defendants. Every single one of them are domiciled in California. That's the State case. Yes. Okay. I would like to reserve 10 minutes for oral argument, the remainder of my time for rebuttal. You have only 10 minutes total. Five minutes then. Thank you. Based on the facts of this case, there is complete diversity between plaintiffs and defendants. Plaintiffs should be able to proceed in Federal court. Well, I'm going to ask your other side to address this as well. There was a proposed Second Amendment complaint which is found at ER 68, and it in fact deleted the dual defendants from the list of parties and it deleted the dual defendants from the caption. And so it's really a question for the other side as well as to why that shouldn't have been allowed to be filed. But for you, the question is, is that, was that the complaint that I'm looking at, that you tried to file and the district court said no? That's correct, Your Honor. Okay. We believe that we have adequately presented the facts and legal arguments in our briefs and excerpts. We would like to submit the matter based on our written materials. I'm happy to address any questions the Court may have at this point. I think we're good. We'll hear from opposing counsel and then you may have rebuttal. Thank you. Good morning, Your Honors. May it please the Court. My name is Ed Farrell. I'm from Richardson and Cumming, and I represent Tribal Technologies in this matter. Judge Graber asked about the second amended proposed complaint at ER 68. That is the pleading that was before the Court at the time of the last hearing on the motion to amend. And it is true that the word dough is no longer in that complaint. But if the Court will take a look at this complaint and compare it to the complaint that was filed right before this one. Right. It's the same, except that the dough defendants are no longer defendants and they are no longer listed as parties. And the operative complaint can be the same. If the problem is diversity and you take away the nondiverse defendants, aren't you entitled to do that? Well, I think, Your Honor, Judge Alsop was correct when he concluded in his order that this is really form over substance. The dough defendants are not gone. They are just now called agents. They are still part of the dough. Whenever you sue a company, you're really suing for things that agents and employees have done, allegedly, that's allegedly wrong. And it doesn't you don't bring in you don't have to bring them in as individual defendants to proceed if there's respondeat superior liability on behalf of the company. Well, I don't know that we've gotten to the issue of whether or not there's respondeat superior liability on behalf of the company. No, because we're at the jurisdiction stage. Or whether it's even pled in the complaint, Your Honor. But I don't think that there's an abuse of discretion here in Judge Alsop's finding that the plaintiff did not amend this complaint to take out potential defendants who could destroy diversity. So where's the agent language that you contend is fatal to jurisdiction? If the Court could take a look at paragraphs 38. 38. Okay. Hang on. That's on page 74. Let's talk about employees of defendant tribal. Yes, Your Honor. Primarily 46. Okay. So I'm looking at 38. I got that. Okay. 40. 46. Yeah. Okay. I would say 40 and 42 as well, Your Honor. 42. References to employees again, right? Right. Yeah. So how's that? I don't get it. How does that expand the group of defendants beyond tribal technologies in Glenboro 400? Well, Your Honor, as a technical basis, it doesn't. Well, then, but this is a jurisdiction. So this is technical. Yes, I understand that, Your Honor. I'm looking at what I'm looking at. I've got two named defendants, and I've got some allegations in here about employees. I understand that, Your Honor. I would also point out to the Court that when the original motions were made to dismiss on the basis of lack of diversity, the defendants also requested a stay of the action based on the fact that the state court action was filed first and had been proceeding. Yeah. That's a different question. Yeah, that's a different question. The district court didn't rule on that. That's correct, Your Honor. And my position would be that if this Court were to reverse and remand the matter, that this Court would order a stay of the federal court action until such time as the state court action, which has been pending since 2011, is concluded. Or at least direct the district judge to rule on the stay question. To rule on the stay. Yes. Correct, Your Honors. And unless the Court has any other questions. I don't believe that we do. Thank you, Your Honor. Thank you. And, Ms. Johnson, did you wish to speak as well? If this Court, I'm Corina Johnson. I represent Tappalee Glenboro 400 ECR LLP. I would just like to speak to the request for a stay if the Doe pleading issue is moot. And that is, I would reiterate that request with respect to Glenboro, particularly because in the state court action, which is virtually identical to this case, Glenboro demurred to the complaint. And that demur was sustained without leave to amend. That judgment has been affirmed on appeal and would likely bar this action against Glenboro, especially because there are no Federal questions presented. So it would be unjust to require Glenboro to relitigate in Federal court the very issues that it prevailed on in the state court. It could just raise Judicata or claim the claims or whatever it might be and you'd be out. Correct. In some ways, I'm not sure if what you say is true about you're out and affirmed on appeal and I guess no further action. I mean, California's race Judicata rule is weird because you've got to finish off all your appeals and maybe your time's expired for California Supreme Court or whatever. If you're done, I don't think you want to stay. I think you want a dismissal based on race Judicata. That would be better. Maybe I shouldn't give you legal advice, but you can get out forever instead of just postpone. That's correct. If that's true. I mean, I'm relying on what you just said to me. Yeah. Nothing further. Thank you, counsel. Thank you. Ms. Hong, do you wish to respond? In response to what Tribal Technologies argued about the agent language, we'd just We request remand, but not a State. This, as counsel has pointed out, this case has been pending in State court for three years. Well, all the more reason to issue a State. Under our standards, for example, the Coopers and Libram case, normally the first gets to continue and the Federal court steps aside. Why wouldn't we follow that normal practice here? Well, there's so far been the State court case is still in the pleading stage and has not. So is this one. Yes. And the plaintiffs are here to just want to find out what happened to their daughter. There's no discovery in State court. And if the Federal court case is State, there's not going to be discovery either. And that's our argument. And that's the other. The court has other questions. Okay. Thank you. I don't believe that we do. The case just argued is submitted, and we thank counsel, and we are adjourned for this session.
judges: Graber, Fletcher, Paez